# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ADAM DANIELS AND KELSEY, )
DANIELS individually and as )
Parents and next friends of C.D.D., )
M.K.D., and A.A.D., minor children, )
 )
  Plaintiff, )
 )
v. )  **Case No. CIV-17-974-R**
 )
INDEPENDENT SCHOOL )
DISTRICT NO. (0-001) OF )
OKLAHOMA COUNTY, )
OKLAHOMA, a political subdivision )
Of The State of Oklahoma, a/k/a )
Putnam City Schools, et al., )
 )
  Defendants. )

## ORDER

 This matter is before the Court on the Motion to Dismiss (Doc. No. 5) filed by

Defendants, Independent School District No. (0-001) of Oklahoma County, Oklahoma.

Plaintiffs responded in opposition to the motion and Defendants filed a reply in support of

their motion. Accordingly, the Motion to Dismiss is at issue, and the Court sets forth its

findings herein.

 Defendant moves to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. In considering a motion under Rule 12(b)(6), the Court

must determine whether the Plaintiff has stated a claim upon which relief may be granted.

A motion to dismiss is properly granted when a complaint provides no "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562, 127 S.Ct. 1955. For the purpose of making the dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; 1260, *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir.2007). However, the Court need not accept as true conclusory allegations. *Erikson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154–55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir.2009) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir.1991)).

Plaintiffs filed this action in the District Court of Oklahoma County alleging violation of the rights of the minor children by employees of Overholser Elementary and the Putnam City School District. Plaintiffs Adam and Kelsey Daniels allege they, as parents, have been subjected to repeated false allegations by employees of the Putnam City Schools to the Department of Human Services, allegedly because of their religious beliefs. On behalf of M.K.D., who is mute, Plaintiffs allege she was subjected to repeated strip searches by a school nurse at two different schools, and that the nurse at Putnam City West High School did not report the abuse to DHS Child Protective Services. Plaintiffs allege

2

that C.D.D., who is autistic, was subjected to abuse and harassment by both her teacher and students, with the approval of the teacher, which resulted in outbursts of self-harm and physical aggression. Plaintiffs further contend M.K.D. fractured her ankle in January 2015, and that school officials were unable to identify what caused the injury and failed to provide care for the injury. Based in part on these facts, Plaintiffs seek relief in Count I on a theory of defamation, specifically via false reports to Child Protective Services. In Count II, Plaintiffs allege Defendant School District violated the civil rights of M.K.D. in that she was subjected to strip search by a nurse at Western Oaks Middle School. Plaintiffs Adam and Kelsey Daniels further allege that they were subject to retaliation for their complaints about the treatment of M.K.D. and because of their religious beliefs in the form of false charges to the Department of Human Services. Plaintiffs also allege the treatment by students and teachers violated the civil rights of the minor Plaintiff. In Count III, Plaintiffs allege Defendant was negligent in providing a safe environment for their minor children and in providing appropriate treatment for injuries that occurred while the children were in their care.

In Proposition I of Defendants' motion, they seek dismissal of all Defendants except the Independent School District Number 0-0001 of Oklahoma County. Plaintiffs concede to dismissal of Defendants Overholser Elementary School a/k/a Independent School No. 126 and the Putnam City School Board. Accordingly, the motion is granted with regard to these Defendants.

Defendant District next contends that dismissal of any claims by A.D.D. is appropriate, because the Petition lacks any facts to support a right to recovery on behalf of

A.D.D. Defendant correctly notes that Plaintiff A.D.D. does not appear in the Petition beyond the caption and the introductory paragraph. The Court will not allow Plaintiff to expand the allegations in her Complaint through argument of counsel in a response brief. *See Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir.2002) ("In deciding a Rule 12(b)(6) motion, a federal court may only consider facts alleged within the complaint." (emphasis added)). In the absence of any factual allegations on behalf of A.D.D., claims on behalf of A.D.D. are subject to dismissal.

In Proposition IV, Defendant argues that Plaintiffs fail to state a claim for defamation, because to the extent Plaintiffs are relying on the allegedly false reports made to the Department of Human Services, the reports were confidential and not subject to public disclosure. Further, to the extent the statements were released as part of court proceedings, Defendant is entitled to a privilege. Defendant further contends that Oklahoma Governmental Tort Claims Act ("OGTCA") does not waive sovereign immunity for such claims.

> In an action for defamation:
>
> a private figure must prove (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage [per se], or the existence of special damage [per quod].

*Tanique, Inc. v. State ex rel. Okla. Bureau of Narcotics and Dangerous Drugs*, 2004 OK CIV APP 73, ¶ 29, 99 P.3d 1209, 1217 (quoting *Mitchell v. Griffin Television, L.L.C.*, 2002 OK CIV APP 115, ¶ 5, 60 P.3d 1058, 1061). The fault standard in a defamation action is at least negligence, or, in a case involving a public figure a showing of actual malice may be required. *See Mitchell*, 2002 OK CIV APP 115, ¶ 6, 60 P.3d at 1061. The actual malice

standard requires that the defendant have acted with knowledge that the publication was false, "or with reckless disregard of whether it was false or not." *Martin v. Griffin Television, Inc.*, 1976 OK 13, ¶ 28, 549 P.2d 85, 93. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

*White v. City of Del City*, 270 P.3d 205, 213–14 (Okla.Civ.App. 2012), *abrogated on other grounds by, City of Jenks v. Stone*, 321 P.3d 179 (Okla. 2014). These fault standards interplay with the GTCA in such a manner as to prevent Plaintiffs from recovering from the District for the alleged defamation of District employees.

> The GTCA expressly provides that the state will not be liable for negligent misrepresentations by employees. 51 O.S. Supp.2010 § 155(17) ("The state or a political subdivision shall not be liable if a loss or claim results from ... [m]isrepresentation, if unintentional."). Additionally, there is no liability pursuant to the Act if the employee's action was outside the scope of employment. See 51 O.S.2001 § 153(A). " 'Scope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority...." 51 O.S. Supp.2010 § 152(12). Courts have recognized that this provision excludes torts that could not have been committed by an employee acting in "good faith." *See Fehring v. State Ins. Fund*, 2001 OK 11, ¶ 23, 19 P.3d 276, 283 ("when, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit"). The City contends that therefore it cannot be liable for either an intentional or unintentional representation made by an employee. We agree. Because the GTCA expressly excludes claims based on negligent misrepresentations, a party must prove at least reckless disregard in order to have a viable defamation claim pursuant to the GTCA. However, because this standard requires that the publisher of the statement have "entertained serious doubts" as to the truth of the statement, *see Hart v. Blalock*, 1997 OK 8, ¶ 9, 932 P.2d 1124, 1126, we find that a party cannot act with "reckless disregard" and also be acting within the "scope of employment" pursuant to the GTCA. *See Fehring*, 2001 OK 11, ¶ 29, 19 P.3d at 285 ("Acts performed with reckless disregard for an individual's rights also lack good faith and are outside the scope of employment under the provisions of the GTCA.").

*Id.* As such, Plaintiffs' defamation claim is subject to dismissal.

Defendant next argues the Court lacks jurisdiction over any claim under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 because the Act requires a plaintiff to first exhaust administrative remedies, which the Daniels have not done. Although Plaintiffs responded in opposition to the motion asserting they did exhaust any claim under the IDEA, the Court does not construe the Petition as including a claim for violation of the IDEA on behalf or either C.D.D. or M.K.D. Plaintiffs identified three finite claims: (1) defamation; (2) civil rights violations under 42 U.S.C. § 1983; and (3) negligence. Petition, Doc. No. 1-1. If Plaintiffs' petition alleged that one or more of the minor children was denied a free appropriate public education ("FAPE"), the exhaustion rule set forth in 20 U.S.C. § 1415(l) would apply. If a lawsuit charges such a denial, a plaintiff cannot escape § 1415(l) merely by bringing suit under a statute other than the IDEA. However, if a suit is brought under a different statute and the remedy sought is not for the denial of a FAPE, then IDEA exhaustion is not required. *See Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754–55, 197 L. Ed. 2d 46 (2017). Accordingly, because the Court does not discern that any Plaintiff is alleging denial of a FAPE, the Court finds no basis for concluding that there is an IDEA claim in this action or that exhaustion of any such claim is at issue.

Count II of the Petition is entitled "§ 1983 Violations." "[Section] 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal citations and quotations omitted). In Count II, Plaintiffs merely allege violation of the civil rights of both parents and children, without specifying which constitutional rights are at issue.

Additionally, Plaintiffs' petition is deficient because it lacks allegations sufficient to impose liability on the District, which cannot be held liable on theory of respondeat superior. *See Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (holding that local governments "are not vicariously liable under § 1983 for their employees' actions.") (*citing Monell v. NYC Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, it was incumbent on Plaintiffs to allege facts to support liability by the District because the individuals that violated their rights "(1) acted pursuant to an official policy or custom of the School District; or (2) acted as an official with final policymaking authority as to the decision in question." *Kerns v. Independent School Dist. No. 31 of Ottawa County*, 984 F.Supp.2d 1144, 1152 (N.D.Okla. 2013)(citing *Murrell v. Sch. Dist. No. 1 Denver, Colo*., 186 F.3d 1238, 1249 (10th Cir.1999) (explaining two methods of establishing municipal liability for a municipal official's actions)).

The Petition herein is devoid of any factual allegations related to any policy of the Defendant District, nor are there allegations of any constitutional violation by a person with policymaking authority for the District or who has been delegated such authority. Furthermore, the Petition contains no allegation that Plaintiffs ever informed the District, as opposed to a principal or IEP coordinator, of the alleged violation of their rights. *See e.g.* Petition, ¶ 11 ("The Plaintiffs reported said allegations to the IEP Instructor as well as the Principle (sic) of that school."). The allegation in the petition is limited to asserting, "Plaintiffs complained of the lack of supervision and the overt acts of District Personnel and yet the mistreatment continued even drawing retaliation from the District against the

Plaintiffs which established a custom of disregarding complaints made by the Plaintiffs." Petition, ¶ 13. Plaintiffs' allegations that they complained do not indicate to whom they complained, such that the Court could construe that the District was aware of the alleged violations. *See Curtis v. Oklahoma City Public Schools Bd. of* Education, 147 F.3d 1200 (10th Cir. 1998)(local school board members are the final policymakers for an Oklahoma School Board); *J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1–29*, 397 Fed.Appx. 445, 456–57 (10th Cir.2010) (unpublished) (a superintendent may be a final policymaker with respect to certain decisions). The court cannot infer based on these limited allegations any plausible claim that the unnamed school officials acted pursuant to a custom long accepted by the School District or that there was widespread unconstitutional conduct in the School District that was so permanent and well settled as to constitute a custom or usage with the force of law. Accordingly, Defendant District is entitled to dismissal of Plaintiffs' 42 U.S.C. § 1983 claims.[1]

Plaintiffs' final cause of action is a claim for negligence and contains more than a single allegation of allegedly negligent behavior. Plaintiffs allege the District was negligent in providing a safe environment for the minor children and for protecting them from foreseeable harm and in supervising and retaining teachers and staff under certain circumstances. Defendant District seeks dismissal under the OGTCA, asserting that the negligence alleged falls within an exception to the waiver of the State's immunity under the Act for discretionary acts. *See* Okla. Stat. tit. 51 § 155(5)(a political subdivision is not

---

[1] Plaintiff's cite Title IX in their response to the Motion to Dismiss. There is no Title IX claim pled in the petition.

liable for loss or claims resulting from performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees).

With regard to Plaintiffs' contention that Defendant District negligently supervised and retained teachers, federal courts in Oklahoma have applied the discretionary function exception to similar allegations. *See Higginbottom v. Mid-Del School District*, 2016 WL 951691 (W.D.Okla. Mar. 9, 2016)(collecting cases that held that a political subdivision's hiring, training, supervision and retention of employees is "discretionary" function subject to the GTCA's discretionary exemption).[2] The Court concurs with these authorities, and accordingly, Plaintiffs' claims regarding negligent supervision and retention are subject to dismissal. To the extent Plaintiffs are alleging negligent failure to provide medical treatment to one or more of the minor children injured at school, the Court finds that such a claim would not be subject to the exception set forth above. However, the petition does not sufficiently set forth on whose behalf such a claim is pursued or the factual allegations specific to any such claim. As such, the Court finds that the petition fails to state a claim for negligence.

The Court hereby dismisses Plaintiffs' Petition. The Court finds, however, that leave to amend should be granted *sua sponte*. Plaintiffs, therefore, may filed an amended pleading within twenty-one days of entry of this Order. Plaintiffs should endeavor to separate the claims of each individual plaintiff and to make specific allegations sufficient

---

[2] In response Plaintiff cites to *Hazlett v. Board of County Commissioners of Muskogee County*, 32 P.2d 940 (Okla. 1934), a case pre-dating the 1978 passage of the OGTCA.

to permit Defendant to respond thereto and for the Court to discern exactly which adult or minor Plaintiff is the subject of a claim and the facts in support thereof. *See e.g. Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (noting that where there are complex claims against multiple defendants, a complaint may be more likely to fail to meet the notice pleading and plausibility standards). Although this is not a multi-defendant case, the number of Plaintiffs and the variety of claims they present makes it especially important for plaintiffs to differentiate their individual claims and specific factual allegations in support thereof. If Plaintiffs fail to file an amended complaint, the case will be dismissed upon expiration of the twenty-one day period. Defendant's Motion to Dismiss (Doc. No. 5) is GRANTED.

IT IS SO ORDERED this 9th day of May 2018.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**